# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) Civil Case No. 10-116 (RJL) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER
(March 10, 2011) [## 10, 12]

In January 2010, plaintiff National Security Archive ("NSA" or "plaintiff") filed suit against the United States Securities and Exchange Commission ("SEC" or "defendant") seeking declaratory and injunctive relief for what NSA alleges are violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* Compl. ¶¶ 2, 24, 26. The SEC moved to stay the proceedings for a period of twenty-four months pursuant to 5 U.S.C. § 552(a)(6)(C) and *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976). Plaintiff opposed the SEC's motion to stay and moved for judgment on the pleadings. Having reviewed the pleadings, supporting declaration, and relevant case law, the Court agrees that defendant has shown the exceptional circumstances necessary to warrant an *Open America* stay, and will therefore **GRANT IN PART** defendant's Motion to Stay for a period of twelve (12) months and **DENY** plaintiff's Motion for Judgment on the Pleadings.

## ANALYSIS

At issue are FOIA requests plaintiff submitted to the SEC on November 19 and 20, 2008. Plaintiff initially requested "[a]ll records from 1989 to present pertaining to [SEC] investigations of Chiquita Brands International, Inc. relating to its activities in Columbia." Compl. ¶ 14; Decl. of Margaret Winter, Mar. 30, 2010, ¶ 91 ("Decl.") [Dkt. #10-2]. One day later, plaintiff requested "[a]ll records from 1989 to the present pertaining to the finances of Chiquita Brands International's wholly-owned, Colombia-based subsidiary, Banadex, including but not limited to: documents, voicemail messages, reports, memos, faxes, electronic mail, and transcripts." Compl. ¶ 15; Decl. ¶ 92.

By statute, a government agency has twenty working days to determine – and to notify the requester – whether the agency will comply with a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i).[1] Here, the SEC timely notified plaintiff, by letters dated December 10 and December 15, 2008, that potentially responsive documents were kept off-site and, as a result, that the SEC would not be able to complete processing of plaintiff's requests within twenty business days. Compl. ¶ 14, 16; Decl. ¶ 94.

Over the ensuing months, the parties communicated several times. Notwithstanding plaintiff's efforts to narrow its requests, the SEC identified at least seven boxes of documents potentially responsive to plaintiff's requests. Decl. ¶¶ 94, 96-97. Pursuant to the SEC's FOIA policy, plaintiff's request was categorized as appropriate for

---

[1] The twenty-day standard is not absolute. Some statutory exceptions exist, such as "exceptional circumstances" explained below.

the Complex First-In, First-Out Track ("FIFO Track") because a FOIA research specialist would be required to review more than three boxes of records. *Id.* ¶¶ 19-21, 97. The SEC then requested that plaintiff contact the FOIA Office by May 11, 2009, to confirm its intention to continue pursuing the request. Compl. ¶ 18; Decl. ¶ 97. The SEC also stated that if it did not receive confirmation by May 11, 2009, the agency would close plaintiff's requests without further notice. Decl. ¶ 97. When plaintiff did not respond by this deadline, the SEC closed the requests.[2] *Id.* ¶ 98.

In subsequent communications, plaintiff renewed and narrowed its requests. Compl. ¶ 20. The SEC identified eighteen additional boxes of potentially responsive documents, bringing the total to twenty-five boxes of records. As such, the SEC had to also designate these requests to the FIFO track, placing them in that queue as of June 30, 2009. Decl. ¶¶ 102-03. With eighteen requests and approximately 1,094 boxes of records to review *before* plaintiff's requests reaches the front of the "first in, first out" queue (*Id.* ¶ 46), the SEC estimates that research specialists will begin work on plaintiff's requests no earlier than March 30, 2012: twenty-four months from the date of the Winter Declaration. *Id.* ¶ 105. Plaintiff, who has not, to date, received responsive documents from the SEC (Compl. ¶ 22), alleges that the SEC violated FOIA by failing to disclose responsive records within the time requirements prescribed by statute.

---

[2] Plaintiff asserts that, to the best of its knowledge, it did not receive the SEC's letter. Compl. ¶ 20.

Compl. ¶¶ 24, 26.

The SEC responds that based on the facts of this case, a statutory exception for "extraordinary circumstances" exempts the SEC from FOIA's typical time requirements and "allow[s] the agency additional time to complete its review of the records." *See* 5 U.S.C. § 552(a)(6)(C)(i). I agree.

Under FOIA, a government agency may obtain additional time to respond to FOIA requests if it "can show exceptional circumstances exist and that the agency is exercising due diligence in response to the request." *Id.* Our Circuit Court has interpreted this provision to mean that exceptional circumstances exist, and a stay may be granted, when an agency is "deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal within the time limits of subsection 6(A), and when the agency can show that it 'is exercising due diligence' in processing the requests." *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976); *see also Elec. Frontier Found. v. Dep't of Justice*, 517 F. Supp. 2d 111, 116 (D.D.C. 2007). The FOIA statute further provides that "the term 'exceptional circumstances' does not include a delay that results from a predictable agency workload . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." *See* 5 U.S.C. § 552(a)(6)(C)(ii); *Elec. Frontier Found.*, 517 F. Supp. 2d at 116.

Importantly, "[w]hen considering a request for an *Open America* stay, '[a]gency

affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents.'" *Elec. Frontier Found.*, 517 F. Supp. 2d at 117 (internal citation omitted). The SEC's declaration here, of course, will be afforded this presumption. As the SEC's supporting declaration explains, unanticipated FOIA requests have increased against the backdrop of the Bernie Madoff investigation, the financial crisis, and related regulatory reforms.[3] *See* Decl. ¶¶ 40-42. Specifically, the SEC points to a deluge of complicated requests which, when viewed together, support a determination of exceptional circumstances. For example, from 2001 to 2008, FOIA requests increased by more than 300% (*Id.* ¶ 48); in the first four months of fiscal year 2010, the SEC received an average of 967 new FOIA requests per month – a 47% increase per month compared to 2009 (*Id.* ¶ 44); and since 2006, the SEC has been working through a backlog of 10,403 requests (*Id.* ¶ 51). At the same time, resources – and most notably, FOIA staff members – have been diverted to assist with multiple FOIA lawsuits, at least five of which are particularly resource-intensive and involve tens of thousands of documents. *Id.* ¶¶ 78-83. *See also Open America*, 547 F.2d at 613 (contemplating exceptional circumstances due to "the need to reapportion personnel to comply with court orders").

Yet despite this case load, the SEC also offers evidence of due diligence: first, by

---

[3]  Contrary to plaintiff's assertion, these events and occurrences were neither "obvious" nor "predictable triggers of an increase in FOIA activity." Pl.'s Reply to Def.'s Opp. To Mot. For J. on the Pleadings, May 21, 2010, at 6-7 [Dkt. #16].

creating and implementing the FIFO system, *see Open America*, 547 F.2d at 616 (holding that agency's use of FIFO showed due diligence for purposes of FOIA compliance); and second, it has, among other things, implemented new technology to streamline and expedite the processing of FOIA requests and has made agency records available on the SEC's public website. Decl. ¶¶ 60-75. It also made reasonable progress by increasing the number of FOIA requests processed and by reducing substantially both the agency's backlog and the number of requests in the FIFO track. *Id.* ¶¶ 48, 54, 59.

Based on the combination of these factors, the Court concludes that the SEC satisfies the requirements for an *Open America* stay. Accordingly, it is hereby

**ORDERED** that defendant's motion [#10] to stay proceedings is **GRANTED IN PART**, for a period of twelve (12) months, this 10th day of March 2011. It is further

**ORDERED** that plaintiff's motion for judgment on the pleadings [#12] is **DENIED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge